Citation Nr: 1331562 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 04-43 301 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to a total disability rating due to individual unemployability resulting from service-connected disability (TDIU).

[The issues of entitlement to service connection for hypertension, inguinal and cervical lymphadenopathy, the residuals of an upper respiratory infection to include chronic obstructive pulmonary disease (COPD), and Guillian-Barre syndrome (GBS) will be the subject of a separate decision.]


REPRESENTATION

Appellant represented by: Georgia Department of Veterans Services


WITNESSES AT HEARING ON APPEAL

The Veteran and family members


ATTORNEY FOR THE BOARD

M. McBrine, Counsel


INTRODUCTION

The Veteran served on active duty from January 1973 to June 1978. 

The claim for a total rating based on individual unemployability stems from a December 2006 rating decision issued by the RO in Atlanta, Georgia. The issue was previously remanded in January 2009 and March 2010.

In June 2008 and July 2009, the Veteran testified at hearings conducted before a Veterans Law Judge (VLJ) and an Acting Veterans Law Judge (AVLJ) and, respectively. Transcripts of those hearings have been associated with the claims file. The law requires that the VLJ who conducts a hearing on appeal must participate in any decision made on that appeal, and that the matter will be decided by a three member panel of VLJs. See 38 U.S.C.A. § 7102 (West 2002); 38 C.F.R. § 20.707 (2013). The United States Court of Appeals for Veterans Claims (Court) recently held that a veteran is entitled to have an opportunity for a hearing before all Board members who will ultimately decide the appeal. Arneson v. Shinseki, 24 Vet. App. 379 (2011). An April 2012 letter was sent to the Veteran notifying him that he had the option of having a third hearing with a VLJ who would be assigned to the panel to decide his appeal. The Veteran was informed that if he did not respond within 30 days that he would be presumed to not want the additional hearing. The Veteran did not respond within thirty days. Therefore, in accordance with Arneson, an additional hearing is not needed.

The June 2008 hearing addressed, inter alia, the issues of service connection for GBS, and a disability resulting from an upper respiratory infection, to include chronic obstructive pulmonary disease (COPD) and the issues of whether new and material evidence has been received to reopen claims of service connection for hypertension and cervical and inguinal lymphadenopathy. The July 2009 hearing addressed those five issues plus entitlement to TDIU. When multiple Board hearings are held as to some, but not all, issues on appeal, the issues not addressed at multiple hearings are docketed separately and decided in a separate decision. Board Chairman's Memorandum, No. 01-11-10 (May 12, 2011). Only those issues addressed at multiple hearings will be decided by a panel decision. Id. Thus, the Veteran's appeal as to entitlement to TDIU has been docketed separately from the remaining issues. 

This issue was remanded for further development in November 2012, and now comes again before the Board.


REMAND

As to the Veteran's claim of entitlement to a TDIU, the Board regrets that this claim is not ready for appellate review. In a November 2012 Board decision, the issue of TDIU was deferred, pending the outcome of the Veteran's other claims above. Specifically, the RO was instructed to readjudicate the TDIU claim on the merits after the above noted service connections claims had been readjudicated following the requested remand development. While the requested development was undertaken as to the service connection claims on appeal, this issue of TDIU does not appear to have been readjudicated, and is in fact absent from both the recent April 2013 and May 2013 Supplemental Statements of the Case. The Board is at a loss as to why the RO failed to readjudicate this claim, but a review of both the Veteran's claims file and the virtual file shows no readjudication of this claim after the November 2012 remand.

A remand by the Board confers on the Veteran, as a matter of law, the right to compliance with the Remand orders. Stegall v. West, 11 Vet. App. 268, 271 (1998). Where the remand orders of the Board are not complied with, the Board itself errs in failing to ensure compliance. Id. As such, the Board finds that this claim must be remanded, even though the other claims were denied, so that the RO may make an adjudication in the first instance.

Accordingly, the case is REMANDED for the following action:

The RO must readjudicate this TDIU claim on the merits. If the benefit sought is not granted, the Veteran and his representative should be furnished a Supplemental Statement of the Case and afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on this matter. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



____________________________________________
A. C. MACKENZIE
Acting Veterans Law Judge, Board of Veterans' Appeals


Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).